# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CALVIN PIRTLE,

    **Plaintiff,**

    v.                                Case No. 15-CV-685

SARAH COOPER,
MR. PICKERINGS,
MICHAEL MOHR,
CHARLES FACKTOR,
and CINDY O'DONNELL,

    **Defendants.**

## SCREENING ORDER

The pro se plaintiff, Calvin Pirtle, who is incarcerated at the Green Bay Correctional Institution, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on plaintiff's petition to proceed in forma pauperis. He has been assessed and paid an initial partial filing fee of $10.46.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for plaintiff to plead specific facts

and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

The plaintiff alleges that, on May 30, 2012, he was hired as a "bowl cook" at Green Bay Correctional Institution ("GBCI"). He alleges that as a bowl cook, he qualified for a "5 rate" wage ($0.42/hour) but that he was actually paid a "2 rate" wage ($0.19/hour). This occurred, he alleges, because "Mr. Pickerings," the education director at GBCI, erroneously

2

concluded that the plaintiff did not have the educational qualifications required for a wage higher than the 2-rate. In February 2013, the plaintiff filed a complaint about this difference in pay through the Wisconsin Department of Correction's Inmate Complaint Review System ("ICRS"). See Wis. Admin. Code ch. DOC 310. Shortly thereafter, a member of the prison staff filed paperwork that promoted the plaintiff to a 5-rate wage. The wage was effective as of March 17, 2013. On March 25, 2013, an inmate complaint examiner noted that the plaintiff had been promoted to a 5-rate wage and dismissed his inmate complaint as moot.

The plaintiff then filed a second inmate complaint, this time requesting back pay for the period between May 2012 and March 2013, when he was paid at the 2-rate wage rather than the 5-rate wage. The inmate complaint examiner ("ICE"), Michael Mohr, denied this complaint on the ground that the plaintiff had failed to prove that he was hired as a bowl cook in May 2012. After reviewing the paperwork surrounding the plaintiff's employment, Mohr concluded that in May 2012, the plaintiff had been hired as a "Kitchen Worker 2" rather than a bowl cook, and that he was not promoted to the position of bowl cook until the paperwork approving his 5-rate wage was filed in March 2013. Plaintiff then appealed Mohr's decision all the way through the ICRS but was denied relief.

In the present action, the plaintiff alleges that Mohr's conclusion that he was not hired as a bowl clerk until March 2013 was erroneous. He attaches to his complaint several documents suggesting that he worked as a bowl cook as early as May 30, 2012. See Exhibits G & H. As his federal cause of action, the plaintiff alleges that he was deprived of property—specifically, back pay for working as a bowl clerk between May 2012

3

and March 2013 and receiving 2-rate wages rather than 5-rate wages—without due process of law.

A procedural due process violation occurs when (1) conduct by someone acting under the color of state law (2) deprives the plaintiff of a protected property interest (3) without due process of law. Tenny v. Blagojevich, 659 F.3d 578,581 (7th Cir. 2011). A protected property interest is a "legitimate claim of entitlement" that is "defined by existing rules or understandings that stem from an independent source such as state law." Id. I will assume for purposes of this screening order that the plaintiff had a protected property interest in his back pay and that the defendants, acting under the color of state law, deprived him of that interest. However, as explained below, the plaintiff has failed to alleges facts from which it can be inferred that he was deprived of this property interest without due process of law.

The fundamental problem with the plaintiff's claim is that he is challenging the defendants' conclusion that he was hired as a kitchen worker in May 2012, not a bowl cook, rather than the process that was used to reach that conclusion. In other words, the plaintiff alleges that the defendants made a mistake of fact in the course of determining whether he was entitled to back pay for the period May 2012 to March 2013, and he does not allege that the process through which this mistake of fact was made was insufficient under the due process clause. He does not identify any specific procedure that the defendants should have followed, but did not, before determining that he was not entitled to back pay at the 5-rate wage for the relevant period. And the allegations of the plaintiff's complaint and the attached exhibits show that the plaintiff was afforded some process—namely, the process available under the ICRS. Thus, this case is really about

4

a substantive violation of Wisconsin law, not about the procedures required before the plaintiff can be deprived of a property interest. The plaintiffs' grievance is about what was done (the refusal to pay him at a 5-rate wage for the relevant time period), not the procedures followed to do it. For this reason, he has failed to state a claim for denial of procedural due process. See Tenny v. Blagojevich, 659 F.3d 578, 583 (2011).

To be sure, the plaintiff alleges that when he appealed the ICE's denial of his inmate complaint to the corrections complaint examiner ("CCE"), the CCE affirmed the denial "without an investigation." Compl. at 3. This could be construed as a challenge to the process he received. However, the plaintiff does not allege that the ICE failed to conduct an investigation or that due process required the CCE to conduct a second, independent investigation. Moreover, if the plaintiff believed that the CCE's investigation (or lack thereof) was deficient in some respect, he could have raised that issue within the ICRS or sought certiorari review of the denial of his inmate complaint in state court. See See State ex rel. Grzelak v. Bertrand, 263 Wis.2d 678, 687–88 (2003) (noting that state court may review final ICRS decisions by certiorari); Anderson-El v. Bie, 230 Wis. 2d 749, 1999 WL 741471, at *3 (Ct. App. 1999) (noting that inmate may challenge ICRS decision concerning prison compensation by certiorari). Thus, even assuming that the CCE was required to conduct a second investigation, the plaintiff had additional "post-deprivation" remedies available to him that he could have exercised. See generally Parratt v. Taylor, 451 U.S. 527 (1981) (holding that where "pre-deprivation" hearing is impractical and state makes adequate "post-deprivation" procedures available to plaintiff, no violation of procedural due process has occurred). The plaintiff has not alleged that these additional remedies were

5

deficient or that the due process clause required the defendants to afford him some other form of process.  Accordingly, the plaintiff's federal due process claim must be dismissed.

Before concluding, I note that the plaintiff in his complaint cites two provisions of state law.  The first is Wis. Admin. Code § DOC 310.03(10), which defines "malicious injury."  The plaintiff seems to believe that the denial of his back pay constituted malicious injury.  Whether or not that is true, the Administrative Code provision that he cites does not create a cause of action for malicious injury.  Rather, it merely defines the term.  A later provision of the Code provides that an ICE may reject an inmate complaint if an inmate filed it "solely for the purpose of . . . causing malicious injury" to various persons.  Wis. Admin. Code § DOC 310.11(5)(a).  Thus, the plaintiff cannot maintain a cause of action based on the DOC provisions relating to malicious injury.

Second, the plaintiff cites a Wisconsin statute making a public official's falsifying a document a crime, Wis. Stat. § 946.12(4).  I assume that the plaintiff believes that someone falsified some document in the course of determining that he was not entitled to back pay.  However, no factual allegation in the complaint states that any defendant falsified any public document.  In any event, a violation of this provision of state law would not give rise to a federal cause of action.  To the extent the plaintiff means to assert a cause of action under state law, he may not pursue it in this action because, as explained above, the plaintiff has not alleged any federal cause of action.  Thus, there is no basis for supplemental jurisdiction over any state-law claims.  See 28 U.S.C. § 1367.

## CONCLUSION

**IT IS THEREFORE ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has brought an action that was dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from plaintiff's prison trust account the $339.54 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS ALSO ORDERED** that a copy of this order be sent to the warden of the institution where the inmate is confined.

Dated at Milwaukee, Wisconsin, this 12th day of August, 2015.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge